IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| OLD DOMINION FREIGHT LINE, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:18-CV-971 |
| ITW POLYMERS SEALANTS NORTH AMERICA INC., | ) |
| Defendant. | ) |

COMPLAINT

Plaintiff Old Dominion Freight Line, Inc. ("Old Dominion"), through counsel and for its Complaint against Defendant ITW Polymers Sealants North America Inc. ("ITW"), alleges as follows:

Jurisdiction and Venue

1. This is an action for the collection of freight charges due and owing under the tariffs of a federally regulated motor carrier, Old Dominion, the provisions of the Interstate Commerce Act, 49 U.S.C. §§10101 *et seq.*, and the federal regulations of the U.S. Department of Transportation, Surface Transportation Board.

2. Old Dominion is a Virginia corporation with its principal place of business in Thomasville, North Carolina. Old Dominion is a corporation qualified and authorized lawfully to transport freight as a for-hire motor carrier in intrastate, interstate, and foreign commerce between points and places in North America, and to provide transportation services.

3. Upon information and belief, ITW is a Texas corporation with its principal place of business in the State of Illinois. ITW is authorized to transact business in the State of North Carolina.

4. Additionally, ITW transacts business in and maintains at least minimum contacts with the State of North Carolina. Without limitation, ITW is engaged in substantial activity in this State through the sale and delivery of goods to customers in this State. Further, this action arises, in part, from ITW's promise to Old Dominion to pay for freight transportation services provided by Old Dominion to or for the benefit of ITW in the State of North Carolina and from Old Dominion's delivery of ITW's freight to destinations in the State of North Carolina and this District at ITW's order and direction.

5. ITW consented to jurisdiction in the State of North Carolina and agreed that this District is the exclusive venue for the resolution of any disputes between the parties, as more fully provided in this Complaint.

6. This Court therefore has jurisdiction over ITW.

7. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 and §1337. This Court also has jurisdiction pursuant to 28 U.S.C. §1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and Old Dominion and ITW are citizens of different states.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391(c).

## Factual Allegations

9. Old Dominion provided motor carrier transportation services for ITW between March 24, 2015, and October 30, 2018, including transportation services for interstate shipments moving to points within this State and District (the "Transportation Services").

10. The freight charges for the Transportation Services total $86,233.45 (the "Freight Charges"). A statement of account for the Freight Charges is attached to this Complaint and incorporated by reference as **Exhibit A**.

11. The Transportation Services represented by **Exhibit A** were provided to or for the benefit of ITW pursuant to Bills of Lading (the "Bills of Lading") identifying Old Dominion as the carrier and ITW as the shipper or consignee and the party responsible for payment of the freight charges.

12. The Bills of Lading incorporate Old Dominion's tariffs, rules, and classifications (together, the "Tariffs"), which apply to the Freight Charges owed by ITW, including without limitation Old Dominion's 100 Rules Tariff, which are applicable to and governed Old Dominion's Transportation Services, and were available to ITW upon request pursuant to the Interstate Commerce Act, 49 U.S.C. §14706(c)(1)(B).

13. Among other terms of the Tariffs, ITW agreed with respect to Transportation Services provided on and after September 1, 2017, that all disputes arising from or related to Old Dominion's Transportation Services would be resolved in Guilford County, North Carolina, as the exclusive jurisdiction and venue for the resolution of such disputes, and ITW consented to jurisdiction in the State of North Carolina.

FIRST CLAIM FOR RELIEF

(Breach of Contract)

14. Old Dominion incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

15. The Bills of Lading constitute contracts between Old Dominion and ITW for the Transportation Services.

16. Old Dominion invoiced ITW for the Freight Charges, but ITW failed to pay Old Dominion the Freight Charges.

17. ITW has therefore breached the parties' agreement by failing to timely pay the Freight Charges.

18. After applying all payments and credits to which ITW is entitled, ITW owes Old Dominion the sum of $86,233.45, all of which ITW has failed to pay despite Old Dominion's demands.

19. As a direct result of ITW's breach of the parties' agreement, Old Dominion is entitled to a judgment against ITW for $86,233.45, plus pre-judgment and post-judgment interest, costs, and attorney's fees as provided by Old Dominion's Tariffs and by law.

## SECOND CLAIM FOR RELIEF
### (Quantum Meruit)

20. Old Dominion adopts by reference and incorporates in this Claim for Relief the preceding allegations of this Complaint not inconsistent with this Claim for Relief.

21. Old Dominion provided the Transportation Services to and for the benefit of ITW and at its request.

22. Old Dominion reasonably expected to be paid by ITW for the Transportation Services.

23. With the knowledge that Old Dominion expected to be paid for the Transportation Services, the Transportation Services were accepted by ITW, used and enjoyed by ITW, and ITW benefitted from the Transportation Services.

24. The reasonable value of the Transportation Services is $86,233.45, after applying all payments and credits to which ITW is entitled.

25. ITW has refused to pay for the Transportation Services despite Old Dominion's demands.

26. It is inequitable for ITW to receive the value of the Transportation Services without paying Old Dominion for them.

27. Old Dominion is therefore entitled to a judgment against ITW in the amount of not less than $86,233.45 plus prejudgment and post-judgment interest, costs, and attorney's fees as provided by Old Dominion's Tariffs and by law.

Wherefore, Plaintiff Old Dominion Freight Line, Inc. prays to the Court as follows:

1. That it have and recover of Defendant ITW Polymers Sealants North America Inc. a judgment in the amount of $86,233.45, plus pre-judgment and post-judgment interest and attorney's fees as provided by Old Dominion Freight Line Inc.'s Tariffs and by law;

2. That the costs of this action be taxed to Defendant ITW Polymers Sealants North America Inc.; and

3. For such other and further relief as to the Court seems just and proper.

This the 21 November 2018.

/s/ Andrew S. Lasine
Andrew S. Lasine
State Bar No. 10966
Attorney for Plaintiff Old Dominion
   Freight Line, Inc.
KEZIAH GATES LLP
P.O. Box 2608
High Point, North Carolina 27261
Telephone: (336) 889-6900
Facsimile: (336) 889-7055
Email: sam@keziahgates.com